<u>**NOT FOR PUBLICATION**</u>

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRISTAR PRODUCTS, INC. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL EXPRESS, INC., *et al.*, <br><br> Defendants. | Case No. 13-7752 (EP) (MAH) |
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> RAGNER TECHNOLOGY CORP., *et al.*, <br><br> Defendants. | Case No. 15-3163 (EP) (MAH) |
| RAGNER TECHNOLOGY CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TELEBRANDS CORP., <br><br> Defendant. | Case No. 15-8185 (EP) (MAH) |
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> RAGNER TECHNOLOGY CORP., *et al.*, <br><br> Defendants. | Case No. 16-3474 (EP) (MAH) |

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>    Plaintiff,<br><br>    v.<br><br>RAGNER TECHNOLOGY CORP., *et al.*,<br><br>    Defendants. | Case No. 16-3594 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is the consolidated Report and Recommendation ("R&R") of the Hon. Michael Hammer, U.S.M.J., which recommends that the District Court dismiss all claims and counterclaims in 13-7752, 15-3163, and 16-3594; as well as counts I-IV and counterclaims I-XI in 15-8185 and counts I-XI and counterclaims I-IV in 16-3474 as moot.[1] This R&R followed the Court's previous Order indicating that it would treat Defendants' letter, D.E. 490 in 13-7752 ("Motion" or "Mot."), as a motion to dismiss the patent claims against them as moot.[2] D.E. 499 in 13-7752. No objections were filed to the R&R.

Also before the Court is an appeal of Judge Hammer's decision concerning discovery in the consolidated cases, D.E. 464 in 13-7752 (the "June 6, 2024 Appeal"), and a motion to dismiss filed solely in 16-3594, D.E. 250 (the "16-3594 Motion"). The parties jointly informed the Court that this Court's adoption of the R&R would moot the June 6, 2024 Appeal across all cases.[3] D.E. 503 in 13-7752. Similarly, the 16-3594 Motion would be mooted by adoption of the R&R because all claims and counterclaims would be dismissed in that matter too.

---

[1] The R&R is docketed in each case as follows: D.E. 501 in 13-7752; D.E. 270 in 15-3163; D.E. 251 in 16-3594; D.E. 317 in 15-8185; and D.E. 289 in 16-3474.
[2] Defendants are Telebrands Corp., Bulbhead.com, LLC, National Express, Inc., E. Mishan & Sons, Inc., and DAP Products, Inc. Mot.
[3] In addition to D.E. 464 in 13-7752, the June 6, 2024 Appeal includes: D.E. 255 in 15-3163; D.E. 238 in 16-3594; D.E. 302 in 15-8185; and D.E. 276 in 16-3474.

When magistrate judges address dispositive motions, including a motion to dismiss, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting some review should be given to report and recommendation by judges); *Peerless Ins. Co. v. Ambi-Rad, Ltd.*, 2009 U.S. Dist. LEXIS 22968, at *3 (D.N.J. Mar. 23, 2009). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation. 28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3). Only if the district court adopts a report and recommendation, does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Defendants assert it is appropriate to dismiss the patent claims against them as moot because between April 17 and 22, 2024, the Patent and Trademark Office issued *ex parte* reexamination certificates canceling all of the asserted claims of the patents-in-suit. Mot. at 2. No objections were filed in response to the R&R.[4] After reviewing the R&R and the records in each pending case, the Court finds no clear error. Therefore, the Court will **ADOPT** the R&R, **GRANT** Defendants' Motion, and **DISMISS** *with prejudice* all claims and counterclaims in their entirety in 13-7752, 15-3163, and 16-3594; counts I-IV and counterclaims I-XI in 15-8185; and counts I-

---

[4] Tristar Products, Inc., one of the Plaintiffs in 13-7752, agreed that all patent-related claims should be dismissed as moot. D.E. 500 at 2 in 13-7752. Ragner Technology Corp., the other Plaintiff in 13-7752, did not file a response.

XI and counterclaims I-IV in 16-3474.[5] Consequently, the June 6, 2024 Appeal is **MOOT** across all cases and the 16-3594 Motion is also **MOOT**.

An appeal was also filed across the consolidated cases on June 21, 2024 concerning a separate discovery issue. D.E. 477 in 13-7752 (the "June 21, 2024 Appeal"). Following the adoption of the R&R, the Court must still decide the June 21, 2024 Appeal in 15-8185 (D.E. 308) and in 16-3474 (D.E. 282), as claims survive in those two cases. The Court will require the parties to file a joint status letter concerning the remaining claims in those cases.

**IT IS**, on this **15th** day of January, 2025;

**ORDERED** that the R&R[6] is **ADOPTED**; and it is further

**ORDERED** that Defendants' Motion, D.E. 490 in 13-7752 is **GRANTED**; and it is further

**ORDERED** that all claims and counterclaims in 13-7752, 15-3163, and 16-3594 are **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the June 6, 2024 Appeal, D.E. 464 in 13-7752; D.E. 255 in 15-3163; D.E. 238 in 16-3594; D.E. 302 in 15-8185; and D.E. 276 in 16-3474, is **DENIED** as **MOOT** across all cases; and it is further

**ORDERED** that the June 21, 2024 Appeal is **DENIED** as **MOOT** only in the following cases: 13-7752 (D.E. 477); 15-3163 (D.E. 261); and 16-3594 (D.E. 244); and it is further

**ORDERED** that the 16-3594 Motion, D.E. 250 in 16-3594, is also **DENIED** as **MOOT**; and it is further

---

[5] No oral argument was heard on Defendants' Motion pursuant to Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).
[6] The R&R is docketed in each case as follows: D.E. 501 in 13-7752; D.E. 270 in 15-3163; D.E. 251 in 16-3594; D.E. 317 in 15-8185; and D.E. 289 in 16-3474.

5

**ORDERED** that the Clerk of the Court shall mark 13-7752, 15-3163, and 16-3594 as **CLOSED**; and it is further

**ORDERED** that the parties shall file a joint status report by January 31, 2025 directing the Court to the operative pleadings in 15-8185 and in 16-3474 and detailing to the Court the surviving claims in those cases; and it is finally

**ORDERED** that the Clerk of the Court shall send by regular mail a copy of this Memorandum Order to all parties.

_____
Evelyn Padin, U.S.D.J.